UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA ANGIANO,<br><br>      Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>      Defendant. | Case No. 1:17-cv-212<br><br>Hon. |

Theodore J. Westbrook (P70834)
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
(616) 288-9548
twestbrook@westbrook-law.net

## COMPLAINT AND JURY DEMAND

Plaintiff Jessica Angiano, by and through her counsel, Westbrook Law PLLC, for her Complaint against Defendant I.Q. Data International, Inc., states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* due to Defendant's unlawful activities in connection with attempting to collect a debt purportedly owed to Oakview Apartments. The purpose of the FDCPA is to "eliminate abusive debt collection practice by debt collectors" and "to insure that

those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

2. Defendant, a debt collector, has willfully violated the FDCPA by continuing its attempts to collect a purported debt after receiving notice that the debt in question was discharged in bankruptcy.

3. Defendant's attempts to collect a debt purportedly owed by Plaintiff after that debt was unequivocally discharged in bankruptcy violated both the discharge injunction, 11 U.S.C. § 524, and the FDCPA, 15 U.S.C. §§ 1692e and 1692f.

4. Defendant's post-discharge collection efforts also violated the Michigan Occupational Code ("MOC") as applied to collection agencies, M.C.L. §339.901 *et seq.*

## THE PARTIES

5. Plaintiff Jessica Angiano is an individual residing in Grand Rapids, Kent County, Michigan. Plaintiff is a "consumer" as that term is used in the FDCPA.

6. Defendant I.Q. Data International, Inc. ("IQD") is a Washington corporation with its principal place of business in the State of Washington. IQD's registered agent in Michigan is CSC Lawyers Incorporating Service, 601 Abbott Road, East Lansing, Michigan 48823.

7. Defendant regularly engages in the collection of defaulted consumer debts and conducts business in the state of Michigan using interstate wires and mails.

8. Defendant holds itself out as a debt collector, and offers its services as a debt collector to companies—specifically apartment complexes and property management companies—which provide consumer services.

9. IQD is licensed (No. 2402002813) by the State of Michigan to collect consumer debts in Michigan. IQD is a "collection agency" and a "licensee" as those terms are used in the MOC.

10. IQD is a "debt collector" as that term is defined in the FDCPA.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

12. Venue is appropriate in this Court because the conduct complained of took place within this District.

## FACTUAL ALLEGATIONS

13. Plaintiff formerly resided at "Oakview Apartments," an apartment community located in Grand Rapids, Kent County, Michigan, pursuant to a lease agreement (the "Lease") between Plaintiff and Oakview Apartments, LLC ("Oakview"), the owner and manager of the apartment community.

14. Any debt to Oakview that Plaintiff incurred in connection with the Lease was incurred for personal purposes, and constituted "debt" as that term is used in the FDCPA and the MOC.

15. Plaintiff allegedly defaulted under the Lease, incurring a balance with Oakview (the "Debt"), in 2011.

16. On April 7, 2015, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Michigan, case no. 15-2073.

17. The Debt to Oakview was listed in Plaintiff's Schedule F, page 19 of Plaintiff's Chapter 7 petition.

18. Plaintiff's scheduled debts, including the Debt to Oakview, were discharged by order of the United States Bankruptcy Court for the Western District of Michigan, Hon. James W. Boyd, on July 14, 2015. (Ex. 1, Discharge Order.)

19. Oakview was sent, and received, a notice of Plaintiff's Discharge Order, via electronic service as a registered electronic filer with the United States Bankruptcy Court for the Western District of Michigan, on July 16, 2015. (Ex. 2, Certificate of Notice.)

20. Upon information and belief, Oakview engaged IQD to collect the Debt on or about October 23, 2015. At that time, the Debt had already been discharged in bankruptcy and was legally uncollectible.

21. IQD has attempted to collect the Debt since the entry of the Discharge Order.

22. On or about January 26, 2017, IQD sent to Plaintiff a collection letter on behalf of Oakview, stating that Plaintiff owed $1,523.59 to Oakview, including $345.39 in purported interest, and seeking to collect that amount from Plaintiff. (Ex. 3, Collection Letter.)

23. The purported Debt reflected in the Collection Letter was subject to the Discharge Order and legally uncollectible.

24. Because it was subject to the Discharge Order, Oakview and IQD also could not legally accrue interest on the Debt, contrary to the statement in the Collection Letter that "[y]our outstanding principal balance will accrue interest at a rate of 005.00 percent per annum."

25. IQD knows the Debt was discharged, because IQD has reported to consumer reporting agencies, including Trans Union, that the Oakview Debt was an "Account Included in Bankruptcy."

26. IQD knows the Debt was discharged, because IQD has accessed Plaintiff's consumer credit reports, including the report compiled by Trans Union, which indicates that the Oakview Debt was an "Account Included in Bankruptcy."

27. The Collection Letter, and all other collection activity toward Plaintiff after the Discharge Order, violated Plaintiff's legal right to a "fresh start"—free from harassment and ongoing disruptive communications from creditors and debt collectors and the attendant distress—following her Chapter 7 bankruptcy petition resulting in the Discharge Order.

28. IQD's ongoing collection attempts after the Discharge Order have caused Plaintiff to experience mental stress, emotional distress, embarrassment, and other actual harms.

**COUNT I – FDCPA, 15 U.S.C. §§ 1692e, 1692f, 1692k**

29. By communicating to Plaintiff that the purported Debt to Oakview was collectible and owing, and that interest was accruing on the Debt, even though such Debt was subject to the Discharge Order and legally uncollectible, IQD used a "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of 15 U.S.C. § 1692e.

30. By communicating to Plaintiff that the purported Debt to Oakview was collectible and owing, and that interest was accruing on the Debt, even though such Debt was subject to the Discharge Order and legally uncollectible, IQD falsely represented "the character, amount, or legal status of any debt," in contravention of 15 U.S.C. § 1692e(2)(A).

31. By communicating to Plaintiff that the purported Debt to Oakview was collectible and owing, and that interest was accruing on the Debt, even though such Debt was subject to the Discharge Order and legally uncollectible, IQD communicated "credit information which is known or which should be known to be false" in contravention of 15 U.S.C. § 1692e(8).

5

32.     By communicating to Plaintiff that the purported debt to Oakview was collectible and owing, and that interest was accruing on the Debt, even though such Debt was subject to the Discharge Order and legally uncollectible, IQD used a "false representation or deceptive means to collect or attempt to collect any debt" in contravention of 15 U.S.C. § 1692e(10).

33.     By communicating to Plaintiff that the purported Debt to Oakview was collectible and owing, and that interest was accruing on the Debt, even though such debt was subject to the Discharge Order and legally uncollectible, IQD used an "unfair or unconscionable means to collect or attempt to collect" a debt, in contravention of 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff requests that judgment be granted in her favor specifying the following relief:

   a. Actual and statutory damages pursuant to 15 U.S.C. § 1692k;

   b. Statutory costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and

   c. Such further relief as the Court deems just and proper.

### COUNT II – MOC, M.C.L. § 339.915

34.     By communicating to Plaintiff that the purported Debt to Oakview was collectible and owing, and that interest was accruing on the Debt, even though such Debt was subject to the Discharge Order and legally uncollectible, IQD communicated "with a debtor in a misleading and deceptive manner" in contravention of M.C.L. § 339.915(a).

35.     By communicating to Plaintiff that the purported Debt to Oakview was collectible and owing, and that interest was accruing on the Debt, even though such Debt was subject to the Discharge Order and legally uncollectible, IQD made "an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt" in contravention of M.C.L. § 339.915(e).

36. By communicating to Plaintiff that the purported Debt to Oakview was collectible and owing, and that interest was accruing on the Debt, even though such Debt was subject to the Discharge Order and legally uncollectible, IQD misrepresented "[t]he legal rights of the creditor or debtor," in contravention of M.C.L. § 339.915(f).

37. IQD's violations of the MOC were willful because, *inter alia*, IQD had actual notice of the discharge of Plaintiff's purported Debt to Oakview.

WHEREFORE, Plaintiff requests that judgment be granted in her favor specifying the following relief:

a. Treble actual and statutory damages pursuant to M.C.L. § 339.916;

b. Statutory costs and reasonable attorney fees pursuant to M.C.L. § 339.916; and

c. Such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 6, 2017

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiff Jessica Angiano, by and through her counsel, hereby demands a trial by jury as to all claims and issues so triable.

Respectfully submitted,

Dated:  March 6, 2017

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
twestbrook@westbrook-law.net